# Harris *versus* Hay.

1. The report of a Referee under the Act of May 14th, 1874, must state separately and distinctly the findings of fact and the conclusions of law.

2. The finding must state the facts with the certainty, precision and fullness of a special verdict.

3. The judgment entered upon the report of the Referee in this case is set aside, for the reason that the report is not even a substantial compliance with the Act of Assembly.

4. While a receipt in full is not conclusive, yet it is *prima facie* evidence of a settlement, and should only be set aside for weighty reasons, especially after the lapse of years.

January 21st, 1886.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county:*  Of January Term, 1885, No. 325.

This was an attachment execution on a judgment in which John Hay is plaintiff, and Jacob Culbertson is defendant. Henry G. Harris was summoned as garnishee.   After plea by the garnishee the case was referred to a Referee under the Act of May 14th, 1874, by agreement of parties.

The garnishee, to show that there was nothing due from him to the defendant, produced evidence of a full settlement between him and the defendant and presented a receipt from the defendant in full of all demands.

The Referee did not state separately and distinctly the facts and the conclusions of law found by him, neither did he annex to his report or file his notes of testimony showing the exceptions taken at the hearing.

He found in favor of the plaintiff and against the garnishee

in the sum of $776.74, upon which finding judgment was entered.

The garnishee thereupon took this writ and filed, *inter alia*, the following assignments of error:

1. The Referee in his report does not state separately and distinctly the facts found and the conclusions of law.

2. The Referee's report does not contain such a finding of the facts of the case that his findings of law can be intelligently considered.

3. The Referee refused to annex to his report or file his notes of evidence showing the exceptions taken by plaintiff in error at the hearing.

4. The Referee in an attachment execution disregarded a settlement made a year previously between the defendant and the garnishee in good faith, and after full statements of accounts accompanied by receipts for all advances due under the contract and a general receipt in full of all demands.

*George W. Biddle*, for plaintiff in error.—The report is entirely inartificial, and does not at all conform to the requirements of such a report as laid down in Marr *v.* Marr, 7 Out., 463, and in Sweigard *v.* Wilson, 10 Id., 207. These cases determine that it is the duty of a Referee, under this Act, to reduce his decision to writing, " stating separately and distinctly the facts found, the answers to any points submitted in writing by counsel, and the conclusions of law." In Butterfield *v.* Lathrop, 21 P. F. S., 229, which was a reference under a similar statute, it was held, that " the finding must contain the facts as fully as a special verdict, and we regard this as the proper rule. A special verdict is one by which the facts of the case are put on the record and the law is submitted to the judges: 2 Bouv., 780 ; it follows that the judgment is but the conclusion of the law upon the facts thus found.

A garnishee in an attachment execution is in no worse position as to the attaching creditor than he would be as to the defendant. Every defence he. has against the defendant's claim he can interpose to the attachment. Every act of defendant releasing him is valid as against the attachment. The attaching creditor is in no superior position to the defendant. A long line of cases decides this. See Riddle *v.* Etting, 8 Casey, 412; Patten *v.* Wilson, 10 Id., 299, etc. And see an analogous case to the present: Dougherty *v.* Hunter, 4 P. F. S., 380, in which it is held that a certain receipt was a satisfaction of an account. If there was no fraud or collusion, creditors could not set aside the settlement and satisfaction. The rights of creditors rise no higher than the defendant's.

If the defendant Culbertson was *sui juris*, and there was no

fraud, or such evidence as would in the mind of a chancellor justify him in reforming the written instrument, the written receipt and settlement are conclusive as against parol evidence. The uncorroborated testimony of a single witness contradicting a writing, which writing is corroborated by the other party's testimony, is not sufficient to overthrow the written instrument. See Phillips *v.* Meily, 10 Out., 536.

*Theodore F. Jenkins*, for defendant in error.—It is no part of the duty of a Referee to take any notes of the testimony produced before him. It is his duty " to hear and determine." The Referee occupies the same position as a court hearing a cause without a jury: Act of May 14th, 1874, Br. Purd. Dig., 1473. The Act of April 22d, 1874, § 2, Br. Purd. Dig., 1364, pl. 59, provides: " The decision of the court shall be in writing, stating separately and distinctly the facts found, the answers to any points submitted in writing by counsel, and the conclusions of law."

The Referee has distinctly found each fact. No points were submitted, and it is not claimed that any were submitted. If the plaintiff in error wished to take exceptions to any of the rulings of the Referee as to the admission of testimony during the hearing, he should have tendered to the Referee a bill of exceptions, and the Referee undoubtedly would have sealed it. No bill of exceptions was tendered, nor is it claimed that any was tendered.

This court would not, even if the testimony was here, pass upon the correctness of the finding of fact by the Referee: Brown *v.* Dempsey, 14 Norris, 243.

Mr. Justice PAXSON delivered the opinion of the court, March 1st, 1886.

The report of the Referee in this case is fatally defective. There is no such separate and distinct findings of facts and conclusions of law, as we have again and again said are essential: Marr *v.* Marr, 103 Pa. St., R., 463 ; Sweigard *v.* Wilson, 106 Id., 207. It is not enough that by going carefully through the entire report we might be able to separate the Referee's findings from the testimony which he cites, and the arguments which he adduces in support of his views. It is the business of the Referee to separate them. It was held in Butterfield *v.* Lathrop, 71 Pa. St. R., 225, that the finding must contain the facts as fully as a special verdict, and this was said in Sweigard *v.* Wilson, *supra*, to be the proper rule.

In the case in hand there appears to have been eleven disputed items. There is no finding as to what composed those items, beyond the following: "No bill of particulars was pre-

sented to the Referee, but from the testimony taken and the arguments of counsel, the following appeared to be the items of dispute." It would be straining a point to say that this was a finding of anything, and if it is, we are left in the dark as to whether it is based upon the evidence in the cause or the arguments of counsel. It utterly lacks the certainty and precision of a special verdict. It is not enough to say what the facts "appear" to be.

The Referee then proceeds to a discussion of the respective items of dispute, and so far as he has found the facts in regard to them, his findings are interwoven with portions of the testimony, the respective contentions of counsel and his own arguments and thoughts in regard to them; whereas, the findings of facts should have been separate, following the necessary discussion of the case.

The conclusions of law, if stated at all, are only stated inferentially, and in connection with the findings of facts. The principal matter for the Referee's decision was whether a full settlement between the garnishee and the defendant had been made. A receipt in full was produced in evidence, which receipt was disregarded by the Referee, without any satisfactory finding of either law or fact in regard to it. While a receipt of this kind is not conclusive, yet it is always *prima facie* evidence of a settlement, and should only be set aside for weighty reasons, especially after a lapse of years, and the reasons should be fully and clearly stated. Fraud, accident or mistake would be sufficient to avoid such an instrument, but in such case the cause of avoidance should distinctly appear.

We do not regard the report of the Referee as even a substantial compliance with the Act of Assembly, and for this reason the judgment entered upon it must be reversed.

The judgment is reversed and a *procedendo* awarded.