# Hopkins, Appellant, *v.* Wise.

*Vendor and vendee—Payment—Evidence—Agreement to pay debt of another.*

In an action against the estate of a decedent to recover a balance of purchase money for interest in a farm which the plaintiff had conveyed to the decedent, and also for a balance of purchase money in a house and lot which the plaintiff had conveyed to another person, and which it was alleged the decedent had agreed to pay, one witness alone testified to what was due, but he failed to state the amount due on each account, and he was not able to show how it was that the decedent had agreed to pay the balance due on the house and lot. It also appeared that the deed for the house and lot was delivered more than six years before the bringing of the suit, and there was no evidence tending to show that the purchase money was not due on the delivery of the deed. *Held*, that the court committed no error in directing a verdict for the defendant.

Argued March 6, 1907. Appeal, No. 12, March T., 1907, by plaintiffs, from judgment of C. P. Lycoming Co., Dec. T., 1905, No. 111, on verdict for defendants in case of Elizabeth Hopkins and J. S. D. Hopkins, her husband, and Peter F. Gruggs v. Mary M. Wise and Williard W. Wise, Administrators of the Estate of Levi S. Wise, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for a balance of purchase money alleged to be due on real estate. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendants.

*John J. Reardon,* with him *C. L. Peasler* and *W. C. Gilmore,* for appellant.—As between the immediate parties to the transaction, the usual acknowledgment of the receipt by the vendor, of the purchase money, is evidence but not conclusive, and may

be rebutted : Watson v. Blaine, 12 S. & R. 131 ; Hamilton v. McGuire, 3 S. & R. 355 ; Redfield & Rice Mfg. Co. v. Dysart, 62 Pa. 62 ; Baum v. Tonkin, 110 Pa. 569 ; Ball v. Campbell, 134 Pa. 602.

*H. T. Ames*, of *Ames & Hammond*, for appellees.

OPINION BY HENDERSON, J., April 15, 1907 :

The plaintiff's claim was for the balance of purchase money for an undivided interest in a farm which Elizabeth Hopkins conveyed to Levi S. Wise and an undivided interest in a house and lot which she conveyed to Martin T. Wise.   The purchase money for the interest in the farm amounted to $1,350, and for the interest in the lot to $150.   The balance alleged to be due on the two accounts is $300.   In support of the claim she offered in evidence the deed of herself and other joint owners of the farm to Levi S. Wise.   This deed contained the usual acknowledgment of the receipt of the purchase money.   To overcome this receipt witnesses were called to prove declarations of Levi S. Wise made shortly before his death, and after the delivery of the deed to him, that he was still indebted to Mrs. Hopkins on account of the purchase money.   The evidence was held insufficient for that purpose and the question referred to us is, does the plaintiff's evidence establish a case which should have been submitted to the jury?   We have carefully examined all of the testimony offered by the plaintiff and are satisfied that the learned trial judge was correct in his conclusion.   The only witness who testified to definite statements of Levi S. Wise upon the subject was I. L. Truman, who stated that, " he (Wise) told me that he had to raise some money, as Lizzie Hopkins was coming in from the west this fall ; and he said, I have got to pay her the balance that I owe her on Martin's house and lot and interest in the farm.   Those are the very words he said to me."   In answer to an inquiry whether Wise had paid Mrs. Hopkins anything on account of the amount he originally owed her, the witness answered, " I understand there has been something paid."   And to the question whether he knew that fact he replied, " Yes, sir ; I think it was $300.   I think he paid her $300.   I wouldn't say the exact amount, but I think it was $300, if my memory serves me right.   It seems to me it was

$300 he owed her. I may be mistaken. I might have got those two mixed up. I may be mistaken on that. I think it was may be $300 he owed her, I haven't seen that statement, I don't know." This relates to both the consideration for the plaintiff's interest in the farm and in the house and lot. The evidence is not only vague and indefinite as to the whole amount due, but there is an entire absence of testimony as to the amount due on each of the accounts; and in view of the fact that one of the defenses to the payment of the claim for the purchase money of the lot conveyed to Martin Wise is different from that to the purchase money of the farm, it is necessary to distinguish between the two claims in fixing the liability of the decedent. To have submitted the case on such evidence would have imposed upon the jury the duty of guessing, merely, without any guide to enable it to say from the evidence how much, if any, of the purchase money for the interest in the farm was still unpaid. The receipt in the deed is not conclusive evidence of payment, but as between the parties it is prima facie evidence of such payment and can only be set aside by clear and satisfactory testimony : Harris v. Hay, 111 Pa. 562 ; MacDonald v. Piper, 193 Pa. 312. If we were to hold that the evidence was sufficient to overcome the prima facie effect of the receipt, there is still the obstacle to the plaintiffs' progress that there is no evidence whatever showing the amount due on account of the purchase money for the plaintiffs' interest in the farm. A jury cannot be permitted to find that which is not proved.

Two objections exist to that part of the plaintiff's claim arising out of the conveyance of the house and lot to Martin Wise : (1) It was not shown that any consideration moved from the plaintiff to Levi S. Wise for his alleged agreement to pay the purchase money primarily due from Martin Wise ; (2) the claim is barred by the statute of limitations. The evidence upon which it was proposed to make the decedent's estate liable for the plaintiff's interest in the house and lot is that of Mr. Truman, who gives this account of the transaction : " At the time of Mrs. Barbara Wise's death they wanted to settle up her affairs, and Martin Wise was to take the house and lot at $900, and this was Mrs. Backinger's share or her interest in this house and lot, valued at $150, and she was to sign a deed to Martin

Wise, and Levi S. Wise was to pay her this $150." The Mrs. Backinger referred to by the witness is the plaintiff who afterward married Mr. Hopkins. Whether Levi S. Wise was to be surety for Martin or whether he assumed and agreed to pay Martin's debt, or whether a consideration moved from the plaintiff to him by reason of which he agreed to pay $150, does not appear from this testimony. If the transaction was a promise to pay the debt of Martin to the plaintiff it was not in writing, and, therefore, void under the statute. The whole of this branch of the plaintiff's claim hinges on the statement that " she (Mrs. Hopkins) was to sign a deed to Martin Wise, and Levi S. Wise was to pay her this $150." This comes far short of establishing a case against a defendant for an indebtedness apparently due by another person for the purchase money of real estate. Moreover, the deed for this lot was acknowledged by Mrs. Hopkins on April 18, 1899, and was recorded May 2, 1899. The action was brought October 2, 1905. The claim was, therefore, barred by the statute of limitations, as there is no evidence tending to show that the purchase money was not due on the delivery of the deed.

The assignment of error is overruled and the judgment affirmed.