# Gregory *v.* Huslander, Appellant.

*Payment—Receipts—Attorney and client—Evidence.*

1. A receipt given by a client to her attorney "in full payment" of a certain sale transaction is prima facie evidence of a settlement in full of the matter to which it refers, and is not to be set aside except for fraud, accident or mistake, but it is always open to explanation or correction.

2. A receipt is like any other parol admission by the party, open to contradiction, explanation or correction.

Argued Feb. 22, 1910. Appeal, No. 354, Jan. T., 1910, by

defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1907, No. 1,661, on verdict for plaintiff in case of Laura A. Gregory v. W. S. Huslander. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit for money alleged to be due. Before EDWARDS, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,043.24. Defendant appealed.

*Error assigned* among others was the answer to defendant's third point as follows:

3. If the jury believe that Laura A. Gregory executed the receipt dated December 9, 1904, it is prima facie evidence of settlement and should not be set aside except for fraud, accident or mistake, and the cause of setting it aside should distinctly appear. *Answer:* I affirm this point, but I add to it the following explanation: that a receipt is like any other parol admission of the party signing it, and it is open to explanation or correction, and he may show that it was made by mistake or does not exhibit the truth or state all the facts.

*S. B. Price*, with him *J. F. Scragg, C. B. Price* and *J. E. Davis*, for appellant.

*W. N. Leach*, with him *George Morrow*, for appellee.

PER CURIAM, March 28, 1910:

This action was by a client against her attorney to recover money alleged to be due her on an account growing out of the purchase and sale of a tract of coal. The plaintiff furnished the purchase money and by agreement the title was placed in the defendant's name and he executed a declaration of trust for an undivided half interest and agreed to pay the plaintiff one-half of the proceeds of the sale of the coal. The questions of fact were carefully submitted to the jury,

and a discussion of them would serve no useful purpose. The instruction in relation to the effect of a receipt "in full payment of a share of coal sold," given by the plaintiff to the defendant, was free from error. Such a receipt is prima facie evidence of a settlement in full of the matter to which it refers, and is not to be set aside except for fraud, accident or mistake, but it is always open to explanation or correction. "A receipt is like any other parol admission by the party, open to contradiction, explanation or correction:" Russell v. Church, 65 Pa. 9.

The judgment is affirmed.