## Paige v. Paige, Appellant.

*Payment—Evidence—Receipt.*

1. In an action of assumpsit by an executor where the defendant produces a receipt signed by the decedent and produces two witnesses to the genuineness of the signature, the burden is shifted to the plaintiff to show that the receipt was obtained by fraud, or executed through accident or mistake, or by means of some imposition or other circumstance sufficient to render it invalid. The plaintiff cannot impeach the receipt by offering the deposit book of the decedent which contained no account of the deposit of the sum apparently covered by the receipt, or by showing that the decedent had a small personal estate, and was careful and methodical, and that defendant had made the other payments on the same indebtedness by check, but that no check was produced corresponding with the receipt.

2. In such a case the court cannot give binding instructions for the defendant inasmuch as it is for the jury to pass upon the proof offered as to the genuineness of the signature to the receipt.

Argued Dec. 13, 1912. Appeal, No. 158, Oct. T., 1912, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1911, No. 3,800, on verdict for plaintiff in case of George W. Paige, Executor of the last will and testament of Mary A. Wilmarth, v. Arthur E. Paige. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

312          PAIGE *v.* PAIGE, Appellant.

Statement of Facts—Charge of Court below.   [53 Pa. Superior Ct.

Assumpsit for money had and received.   Before BAR-RATT, J.

At the trial it appeared that the defendant was indebted to his aunt, Mary·A. Wilmarth, on a transaction between her and himself.   He produced at the trial the following receipt and proved its genuineness by two witnesses.

"Received from Arthur E. Paige, Trustee, the sum of $1,100 being the entire principal and interest due with respect to the share of the mortgage upon the Louella Mansion property at Wayne, Pa., represented by certificate No. 4 dated September 19, 1900, for the amount of $1000.

MARY A. WILMARTH."


The court charged as follows:

The plaintiff, the executor of the will of Mrs. Wilmarth, and also her sole heir, sues the defendant, his brother, for $700, claiming that this money is due the estate of Mrs. Wilmarth on a transaction which took place in 1908 between her and the defendant.   It appears that she gave $1,000 to the defendant for investment and he did invest it in a mortgage upon a piece of real estate, about which you have heard a great deal of talk.   On November 9, 1910, he paid her $300 of this $1,000, and January 12, 1911, about a month prior to her death in February, he wrote to her admitting his indebtedness to her of the balance of $700.   He tells her that he cannot pay her in full because he has not been able to effect a settlement of the sale of this property.   Well, the court records of Delaware county would seem to flatly contradict him.   This is for you.

The defendant produces a paper purporting to be a receipt in full for the $1,000, signed by Mrs. Wilmarth. This paper is not dated.   If it is genuine, it must have been signed by Mrs. Wilmarth after the defendant's letter to her of January 12, 1911, in which he acknowledges the indebtedness, and the date of her death a month later, or on February 11, 1911.   A receipt is prima facie evidence of payment only.   It is not conclu-

sive. It may be explained or contradicted by evidence. It is a question entirely for you in this case. This suit is brought by the executor of a dead woman, and the paper is alleged to be the dead woman's receipt, and as death prevents her telling us about it, the law closes the mouth of the other party to the transaction, the defendant. You will have this alleged receipt, and the defendant's letters, and other papers in evidence out with you for consideration.

Gentlemen, you have questions of pure and simple fact. [If you believe that the defendant paid Mrs. Wilmarth the balance of $700, then your verdict would be for the defendant.

If, on the other hand, you believe that he never paid that balance, then you would render a verdict for the plaintiff for $700, with interest from February 11, 1911.] [4]

Verdict and judgment for plaintiff for $751.80. Defendant appealed.

*Errors assigned* among others were (4) portion of charge as above, quoting it, and (5) in not instructing the jury that in the event the defendant having made settlement with the decedent, or she had made a gift of defendant's indebtedness to him, then verdict might be for defendant.

*C. Berkeley Taylor*, for appellant.—The doctrine that a receipt is only prima facie and not conclusive has been modified as to the amount of evidence necessary to set it aside and as to the burden of proof: Harris v. Hay, 111 Pa. 562; Rhoads's Estate, 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312; Smith v. Hagey, 14 Pa. Dist. Rep. 775; Shrader v. U. S. Glass Co., 179 Pa. 623.

*Francis Chapman*, with him *S. Spencer Chapman*, for appellee.—We submit that the court could not, on the proofs, give any binding instructions either for the defendant or for the plaintiff: Dougherty v. Briggs, 232 Pa. 204; Shannon v. McHenry, 219 Pa. 267; Duffy v. York Haven

Water & Power Co., 233 Pa. 107; Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647.

OPINION BY HENDERSON, J., February 27, 1913:

The defendant relied on a receipt for his acquittance of liability to the plaintiff. It purported to be a receipt signed by Mary A. Wilmarth for the entire debt which was the basis of the action and specifically identified the certificate of indebtedness on which the plaintiff claimed. Mrs. Wilmarth being dead the defendant was compelled to resort to evidence of the genuineness of her signature, and the testimony on this point justified the admission of the receipt as evidence. If the receipt was genuine it shifted the burden of proof, and to support a recovery the plaintiff was bound to present evidence which would take it out of his way. The document was not dated, but if signed by the decedent was sufficient to relieve the defendant from his liability unless it could be made to appear that it was obtained by fraud or was executed through accident or mistake or by means of some imposition or other circumstance sufficient to render it invalid. It is self-explanatory; it needs no witness to give it application to the indebtedness which the plaintiff alleges to be still due and is not to be got rid of by mere suspicion. It is the creditor's own admission in writing that the debt is discharged, and the jury if satisfied of its genuineness under the evidence would not be at liberty to reject it except for what were described in Harris v. Hay, 111 Pa. 562, and in Rhoads's Estate, 189 Pa. 460, as "weighty reasons." The evidence offered to impeach the receipt was the deposit books of the decedent which contained no account of the deposit of the sum of money apparently covered by the receipt; testimony that Mrs. Wilmarth had a small personal estate and that she was a careful and methodical person and that the defendant had made the other payments on the same indebtedness by check but that no check was produced corresponding with the receipt. It was not incumbent on the defendant, however, to show

that he had made actual payment.　Mrs. Wilmarth might have forgiven him a part or the whole of the indebtedness if she were so disposed and the receipt might therefore be evidence of a gift as well as of a payment.　Whether the debt was paid or remitted if the creditor were disposed to discharge the debtor from further liability on account of the obligation she had a legal right so to do.　When the learned judge charged, therefore, as set forth in the fourth assignment that if the jury believed that the defendant paid Mrs. Wilmarth the balance of $700 the verdict should be for the defendant, but that if on the other hand they believed that he never paid the balance, then their verdict should be for the plaintiff, a burden was put on the defendant which the evidence did not authorize.　The defendant was entitled to the instruction that if the jury believed that Mrs. Wilmarth signed the receipt the verdict should be for the defendant inasmuch as the evidence offered by the plaintiff against the receipt was not sufficient to overcome its effect.　This evidence when given its utmost force created a suspicion only and fell far short of the testimony which was said in Rhoads's Estate, 189 Pa. 460, to be necessary to overcome a receipt under such circumstances. We are not convinced that binding instructions should have been given on all of the evidence for the reason that the defendant relied on the testimony of two witnesses as to the signature to the receipt.　The effect of that evidence was for the determination of the jury.　They saw the witnesses and were informed as to the extent of their knowledge.　They were therefore the tribunal to pass on the fact. The Supreme Court did decide on the sufficiency of all of the evidence in Rhoads's Estate but that was a controversy in the orphans' court where the duty of disposing of the facts devolved on the judge.　We feel obliged, therefore, to sustain the fourth and fifth assignments.

The judgment is reversed with a venire facias de novo.