# Paige *v.* Paige, Appellant.

*Evidence—Receipt—Handwriting—Payment—Case for jury.*

1. In an action by an executor against a nephew of the testatrix where the defendant exhibits a receipt and offers two expert witnesses, and a witness familiar with the handwriting of the decedent to support the genuineness of the signature, and the plaintiff offers a witness fa-

miliar with the handwriting to show that the signature was not genuine, and also produces genuine signatures, for comparison, the case must be submitted to the jury, and if there is a verdict and judgment for plaintiff, there will be no reversal by the appellate court.

2. In such a case it is proper for the court to charge that if the jury found the signature genuine it is immaterial whether the debt had been paid or not, inasmuch as the decedent may have given the receipt to show that she had relieved her nephew from liability for the debt.

Argued Dec. 8, 1913. Appeal, No. 223, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1911, No. 3,800, on verdict for plaintiff in case of George W. Paige, Executor of last Will and Testament of Mary A. Wilmarth, deceased, v. Arthur E. Paige. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a certificate of indebtedness. Before HEYDT, J., specially presiding.

At the trial plaintiff offered in evidence certificate of indebtedness in favor of Mary A. Wilmarth and signed by Arthur E. Paige.

The defendant offered in evidence the following receipt:

"Received from Arthur E. Paige, Trustee, the sum of $1,100, being the entire principal and interest due with respect to the share of the Mortgage upon the Louella Mansion property at Wayne, Pa., represented by Certificate No 4, dated September 9, 1908, for the amount of $1000. Mary A. Wilmarth."

The case turned on the genuineness of the signature of Mrs. Wilmarth to the receipt.

The court charged in part as follows:

[There is only one point in this case and that is: Is the signature to that receipt genuine? that is, is it the signature of Mary A. Wilmarth? If it is, then your verdict must be for the defendant. If it is not, then your verdict should be for the plaintiff.] [4]

You have heard all the testimony in the case, and it was no doubt important and material that we should get a thorough understanding of what the dealings were between this defendant and his aunt Mary A. Wilmarth.

The plaintiff has offered in evidence two bank books for the purpose of showing that there was no deposit made of $700, or any amount like it, that there was no amount of $700 due to the plaintiff, arguing if such an amount had been paid to Mary A. Wilmarth she would have deposited it in one of the banks in which she was keeping her accounts. [As I understand it it is a fact that in those bank books there is no deposit of any such amount. That would be a circumstance for you to consider and would no doubt be persuasive evidence that no such amount was paid to her.] [5] It would not, however, be conclusive because she might have used the money or placed it somewhere else. Mary A. Wilmarth might have forgiven this indebtedness to her nephew if she saw fit to do it under the circumstances. She had a right to do it if she wanted to. The question is, did she do it? But back of it is the question did she give that receipt.

[That receipt cannot be set aside on mere suspicion, and there is no evidence in the case that it was procured either by fraud, accident, mistake or by any practice of imposition upon Mary A. Wilmarth. Whether or not that receipt is genuine you will have to determine from all the evidence in the case.] [6]

The defendant has called Charles P. Paige, who is a brother of both the plaintiff and the defendant, and who was very well acquainted with his aunt. He has told you that he lived with her, he has told you what he did for her, and he has told you that he saw her write frequently, that he did business for her, and that in his judgment the receipt to that signature is that of Mary A. Wilmarth.

You have heard the testimony of Mr. Kirkpatrick

and Mr. Kenwood, who are respectively the paying tellers of their banks, and they have compared this signature with that of the signature of Mary A. Wilmarth which was proved and I think is admitted to be a genuine signature of hers, and they say that in their judgment the signature is genuine.

Then there are a number of other papers, receipts and letters which have been offered in evidence, where .the signature of Mary A. Wilmarth was proved, and from which you will have no doubt in concluding that the signatures are genuine. It will be your privilege to take this receipt and compare the signature thereto with those signatures which were proved to be genuine and which you believe to be genuine.

[If you find that signature is not genuine then your verdict will be for the plaintiff. If you find that that signature is genuine then your verdict will be for the defendant.] [7]

Verdict and judgment for plaintiff for $799.40. Defendant appealed.

*Errors assigned* among others were (4–7) above instructions quoting ·them.

*Charles L. Smith,* for appellant.—The evidence by which it is sought to impeach the receipt is not clear, precise or indubitable. The impeachment rests upon the "belief" of one witness whose interest no doubt induces his belief: Paige v. Paige, 53 Pa. Superior Ct. 311; Martin v. Berens, 67 Pa. 459; Nettleton v. Caryl, 20 Pa. Superior Ct. 250; Hopkins v. Wise, 33 Pa. Superior Ct. 544; Guhl v. Frank, 22 Pa. Superior Ct. 531; Daly v. Dallmeyer, 20 Pa. Superior Ct. 366; Spritzer v. Penna. R. R. Co., 226 Pa. 166; Rhoads's Est., 189 Pa. 460; Crawford v. Forest Oil Co., 189 Pa. 415; Harris v. Hay, 111 Pa. 562.

*Francis Chapman,* with him *S. Spencer Chapman,* for appellee, cited: Howard Express Co. v. Wile, 64 Pa. 201;

Lonzer v. R. R. Co., 196 Pa. 610; Holland v. Kindregan, 155 Pa. 156.

OPINION BY HENDERSON, J., February 20, 1914:

The success of the appellant's defense depended on his ability to show that the paper introduced by him purporting to be the receipt of Mary A. Wilmarth for the amount admittedly due from him to her was signed by her. The plaintiff's evidence made out a clear liability of the defendant, and the only defense set up was that exhibited by the alleged receipt. This paper was not dated nor was there a witness to the signature. Three witnesses were produced by the defendant to establish its genuineness. One of these, Charles P. Paige, had seen Mrs. Wilmarth write and expressed the opinion that the signature was hers. The other two called as experts testified that in their opinion the signature was made by the same person who made another signature shown to have been that of Mrs. Wilmarth. Signatures made by her on other documents were also offered in evidence. The plaintiff when called as for cross-examination by the defendant expressed the opinion that the paper in question was not signed by Mrs. Wilmarth. The case was submitted to the jury on the single inquiry whether the document alleged by the defendant to be a receipt for the debt was executed by Mrs. Wilmarth. There was no request for binding instructions for the defendant, and the third point presented by the defendant requested the court to instruct the jury that if they believed that Mrs. Wilmarth signed the receipt the verdict should be for the defendant. The principal part of the appellant's argument relates to the eighth assignment of error in which complaint is made that the court submitted to the jury the determination of the question whether the receipt was genuine, the allegation being that there was no evidence against the receipt. After the court had been invited to submit the question and had complied with the defendant's request the appellant ought not now to

be heard when urging this action of the court as erroneous. There was no suggestion at the trial that this was not a question of fact and no request that the case be disposed of by the court without a reference to the jury. But if such a request had been made it would have been an error on the part of the trial judge to have affirmed it. The plaintiff having established a prima facie case the burden of proof was on the defendant to avoid the conclusion necessarily following, from the plaintiff's evidence if a defense were to be made at all. The paper relied on by the appellant as a receipt did not prove itself. The defendant was under the necessity, therefore, of proving the signature. The opinion of the witness who had seen Mrs. Wilmarth write and of the two bank clerks who thought that the questioned signature was written by the same person who had written the signature on two bank tickets were not conclusive of the question at issue. There was the testimony of a witness familiar with Mrs. Wilmarth's writing on the other side and there were genuine signatures presented to the jury for comparison. There was the fact of the absence of a date to the instrument and of a witness to its execution. The jury alone could decide the question. The defendant's whole case rested largely on the opinions of the three witnesses as to the genuineness of the signature. The jurors heard them testify and had before them the disputed signature and the standards of comparison. It is evident that the court could not properly have stated that the verity of the paper was so clearly established as to defeat the plaintiff's claim. The jury was instructed that if they found the document to have been signed by Mrs. Wilmarth the verdict should be for the defendant whether the debt was in fact paid or not; that the creditor had a right to be generous to her nephew and discharge him from his liability whether the debt was paid or not and this was in accordance with the decision of this court when the case was before us on a former appeal (Paige

Exr. v. Paige, 53 Pa. Superior Ct. 311).  Several of the
assignments cover portions of the charge to the jury,
but no exception was taken by the defendant to the
charge at the time of trial and these cannot be con-
sidered.   Mrs. Wilmarth's bank deposit books may
have been slight evidence in the case, but we cannot say
that they were inadmissible.  The paper relied on by the
defendant appeared to be a receipt for $1,100.  The evi-
dence showed that Mrs. Wilmarth was a woman of care-
ful habits; that she deposited her money in two banks
with which she did business, and the fact that the sum
named in the receipt was not deposited in either of the
banks although paid a short time before Mrs. Wilmarth's
death and that no check was found corresponding with
the payment implied in the receipt, would support the
plaintiff's contention that the money was not in fact paid.
This, of course, would not exclude the other supposition
that the receipt was given to the defendant for the pur-
pose of relieving him from the indebtedness; in other
words, that Mrs. Wilmarth made him a present of the
amount, and the jury was expressly and clearly instructed
that it was a matter of no consequence whether the debt
was in fact paid or not—if they found the paper to be a
genuine document the plaintiff could not recover.  The
case was properly tried by the learned judge of the court
below.

The judgment is affirmed.