## Haze *v.* Home Friendly Insurance Company of Maryland, Appellant.

Argued October 1, 1937.

Before KELLER, P.
J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Thomas S. Lanard,* for appellant.

*Herman P. Abramson,* for appellee.

OPINION BY RHODES, J., March 4, 1938:

This is an action of assumpsit to recover an alleged balance due on a policy of life insurance issued by defendant to plaintiff's deceased husband, in which plaintiff was named as beneficiary. The policy provided for the payment of $480 upon the death of the insured, and the additional sum of $240 if death occurred solely through external, violent, and accidental means. On August 29, 1932, insured was killed under circumstances which brought him within the accidental provisions of the policy.

After proofs of death of insured had been furnished to defendant, the latter sent to its Philadelphia agent, Elmer O. Jones, a check payable to the order of plaintiff, and a receipt to be signed by her. She was then notified to call at the branch office.

Plaintiff testified that she called at the branch office of defendant and met Jones, who asked her whether she wanted a check or cash in settlement of the policy claim. Plaintiff advised him that she desired cash, and endorsed with pencil a check which he presented to her. She said she did not know that she was endorsing a check payable to herself for $724.40, and did not look at the face of it. The check, offered in evidence by defendant, was presented to the bank by Jones, and was unacceptable because of the pencil endorsement. The bank required the endorsement to be in ink. Jones again presented the check to plaintiff who erased the pencil endorsement and signed her name in ink. Jones returned to the bank with the check, received the proceeds, and, upon arriving at his office, according to both his testimony and that of plaintiff, counted out the money to her. The only dispute is relative to the amount which plaintiff received. She testified that Jones counted out to her $484.40; Jones testified that the amount was $724.40. After plaintiff received the money she admittedly signed the following receipt, offered in evidence by defendant:

"Oct 19, 1932

"Received of Home Friendly Insurance Company of Maryland

$724.40 Seven Hundred Twenty Four and 40/100 Dollars which payment is in full settlement of all claims against the Home Friendly Insurance Co., under Certificate No. 2031937 issued on life of Stanislaw Haze and now terminated by Death &

"$4.40 Ret Adv Prem.
            "Jennie Haze (Seal)

"In the presence of
    "E. O. Jones         Identified by . . . . . . . . . . . . . ."

Plaintiff also testified that at the time of signing she did not read the receipt, but that she could have read it. She read it to the jury. Its execution was not induced by any false representations. See *Ralston et ux. v. Philadelphia Rapid Transit Co. (No. 1)*, 267 Pa. 257, 110 A. 329. It was her free act. She admitted that she knew of the alleged shortage within three weeks after the settlement. She did not proceed in any way to bring the matter to the attention of Jones or defendant, but waited nearly two years before making a complaint or taking any action. No credible reason was given for this delay.

The jury found for plaintiff. Defendant's motions for new trial and judgment n. o. v. were dismissed by the court below, and judgment entered on the verdict. Defendant has appealed.

The trial judge submitted the case to the jury on the ground that the issue was a matter of credibility between appellee and appellant's agent.

In our opinion appellant was entitled to affirmance of its point for binding instructions or to judgment in its favor n. o. v. We do not consider appellee's endorsement of the check, under the circumstances, material to a determination of the issue. The evidence adduced on her behalf showed that, after a sum of money had been counted out to her, she executed the receipt under seal for $724.40, the full amount of her claim; a denial upon her part that she had received that amount; and a statement that she received only $484.40. The receipt

was an acknowledgment under the hand and seal of appellee that she had received from appellant the sum of $724.40 in full settlement of all claims against appellant under the policy of insurance issued on the life of the insured and terminated by his death. It was prima facie evidence of the payment of the amount of the claim *(Hamsher v. Kline,* 57 Pa. 397, 403; *Hopkins v. Wise,* 33 Pa. Superior Ct. 544, 546; *Guhl v. Frank,* 22 Pa. Superior Ct. 531), and the testimony which appellee gave was not sufficient to overcome its effect, or such as would justify the jury in disregarding the receipt. See *Cooper v. Cooper,* 60 Pa. Superior Ct. 390. The only material conflict in the testimony was as to the amount actually received. It was her oath against that of appellant's agent. There was the additional fact that she admitted knowing the alleged difference for a period of two years without making known the fact to appellant or its agent, and for this delay she offered no plausible excuse. In *Stroh v. Holmes,* 83 Pa. Superior Ct. 129, a receipt was offered as evidence of partial payment of the principal sum of a bond upon which judgment had been entered and then opened. The case was tried on the theory that the money had not been actually paid as set forth in the receipt. In an opinion by Judge HENDERSON this court said, at page 132: "The receipt could not be lightly disregarded. While a receipt is not conclusive evidence and is open to explanation, in the absence of such explanation it is always prima facie evidence of the payment admitted. It is the written agreement of the maker that he received from the payer the amount therein set forth, and as such agreement it stands in the same class as other instruments in writing which express the agreement of contracting parties. Unless fraud, accident or mistake or other weighty reason is made to appear, the law gives to such a document the effect to which its purport en-

titles it, and the evidence to avoid its effect must be clear and direct: *Rhoads's Est.*, 189 Pa. 460; *Paige v. Paige*, 53 Pa. Superior Ct. 311."

Appellee admits that she executed the receipt, and the circumstances of the execution show conclusively that it was done without any fraudulent representation or duress. It was her free and voluntary act. Her contention is only that she received less than the amount which the release stipulated, which was the amount she was to have received from appellant.

Although a receipt is open to contradiction, explanation, or correction (*Gregory v. Huslander*, 227 Pa. 607, 76 A. 422), the receipt in the case at bar, under seal, executed without any false representation and with freedom of opportunity to comprehend its contents, must prevail over the mere statement of appellee, contradicted by appellant's agent, that she received less than the amount she thereby acknowledged having received from appellant; there being a delay of two years in making a complaint, and no facts or circumstances to corroborate her assertion. Something more was required to contradict successfully what she had thus previously said under her hand and seal.

In *Paige v. Paige*, 53 Pa. Superior Ct. 311, the defendant relied on a receipt for his acquittance of liability to the plaintiff. It purported to be a receipt for the entire debt which was the basis of the action. In an opinion by Judge HENDERSON, this court said, at page 314: "If the receipt was genuine it shifted the burden of proof, and to support a recovery the plaintiff was bound to present evidence which would take it out of his way. The document was not dated, but if signed by the decedent was sufficient to relieve the defendant from his liability unless it could be made to appear that it was obtained by fraud or was executed through accident or mistake or by means of some imposition or

other circumstance sufficient to render it invalid. It is self-explanatory; it needs no witness to give it application to the indebtedness which the plaintiff alleges to be still due and is not to be got rid of by mere suspicion. It is the creditor's own admission in writing that the debt is discharged, and the jury if satisfied of its genuineness under the evidence would not be at liberty to reject it except for what were described in *Harris v. Hay,* 111 Pa. 562 [4 A. 715], and in *Rhoads's Estate,* 189 Pa. 460 [42 A. 116], as 'weighty reasons.' "

Appellee cites *Stephenson v. Colonial Life Insurance Company of America,* 67 Pa. Superior Ct. 512. The facts in that case are readily distinguishable from those in the instant case. In the Stephenson case plaintiff signed a receipt for $1,000, and averred that she received but $825. The receipt was signed before she was paid by defendant's agent the sum of $800. The testimony disclosed that she accepted this payment of $800 as the result of the misrepresentation of defendant's agent. He subsequently paid her $25. There was evidence of fraud, and this court held, at page 514: "Under the circumstances one of two innocent parties must suffer and the one most responsible for making possible the fraud must bear the loss."

In the instant case appellee received the money before she signed the receipt. She signed the receipt deliberately and in the absence of any misrepresentation. After an unexplained silence for two years she seeks to recover from appellant an alleged deficiency on her own controverted statement as to the amount received by her.

Judgment is reversed, and here entered for defendant.