135    601
                         205    430
                        135    601
                   30 SC  186

## D. A. MAYER v. C. J. RHOADS ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 21, 1890—Decided June 2, 1890.

The fact that a broker had previously made a sale of goods for the defendant and had been paid by the latter a commission therefor, will not entitle him to recover commissions on a subsequent sale, effected through services on his part rendered without request or employment by the defendant.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

No. 54 July Term 1890, Sup. Ct.; court below, No. 99 August Term 1887, C. P.

On August 12, 1887, the defendants entered an appeal from the judgment of a justice of the peace, in an action brought by Daniel A. Mayer against Charles J. Rhoads and J. H. Herr, trading as C. J. Rhoads & Co., to recover commissions on a sale of tobacco for the defendants. Issue.

At the trial on December 5, 1889, the plaintiff testified that he was a commission merchant, and that in October, 1886, he had received a letter from one Beckman, of New York, and in consequence thereof he went to Mr. Rhoads, one of the defendants, and asked him if they had any 1881 tobacco, of certain grades, and informed him that he had an inquiry from Beckman; that Rhoads told him the price, and he communicated with Beckman, who afterwards came on; that he saw Mr. Rhoads on the street and called him in to meet Beckman, and Rhoads told Beckman his samples were in New York and he would send to

Charge of Court below.

him an order to get them; that two or three weeks afterward he learned that Rhoads had sold seventy cases to Beckman, when he went to Rhoads and demanded his commissions, at $1 per case. The witness testified, further, that, five or six months before that transaction, he had sold tobacco to Beckman for defendants, and the latter had paid him his commissions on that sale. Mr. Rhoads testified that he had given no authority, employment or request to the plaintiff to make a sale of the last lot of tobacco to Beckman for him, and that he had made the sale himself.

At the close of the testimony, the court, LIVINGSTON, P. J., charged the jury as follows:

The performance of labor by one person for another, at his request, raises an implied promise to pay what such services were reasonably worth; [but mere voluntary services performed by one person for another, without precedent request, will not raise an implied assumpsit or a promise to pay.] [1]

It is shown that, prior to this alleged sale Mr. Mayer had sold, by request of Mr. Rhoads, a lot of tobacco, in the spring or early in summer of the same year, for which Rhoads paid him a commission. But his being a commission merchant, or his having made a single sale, by request of Mr. Rhoads, for which he was paid a commission of $1 per case, would not constitute Mr. Mayer an agent of Rhoads & Co., or authorize him to proceed to sell for them, on commission or otherwise, unless requested so to do.

There is no evidence that Rhoads & Co. requested him or employed him to sell this last lot of tobacco. He was written to by Mr. Beckman of New York, who was inquiring of him about tobacco. After he received the letter, he went to Rhoads, asked him if he had any 1881 tobacco, and told him he had an inquiry from Beckman for such tobacco. [What was there to show Rhoads that he was not employed by the New York man to buy for him?] [3] Mr. Rhoads had not asked him to sell for him. If he was requested by Rhoads & Co. to sell this tobacco for them, and did what he tells you he did, brought a customer face to face with Mr. Rhoads, to whom Mr. Rhoads sold the tobacco, he would be entitled to commissions. It would not be necessary that he should do anything more. He need not sell,

Opinion of the Court.

or assist in the selling, to entitle him to his commissions. His
duty was performed when he brought the parties together, the
sale and purchase being made by them.

If you find from the whole evidence that such was the case,
your verdict should be for the plaintiff for $1 per case for the
quantity sold; for the evidence is that $1 per case is the usual
commission, where no express agreement or contract is made
for any other sum, Mr. Rhoads himself testifying that $1 per
case is the usual price when no special contract is made. [But
if from the whole evidence you find that Mr. Mayer had not
been requested to sell this tobacco, that he had no authority
from Rhoads & Co., or any of that firm, to sell, or do what he
says he did do, then your verdict should be for the defend-
ants.] [2]

—The jury returned a verdict in favor of the defendants.
A rule for a new trial having been discharged, judgment was
entered, when the plaintiff took this appeal, assigning for error:

1–3. The portions of the charge embraced in [  ] [1 to 3]

*Mr. John E. Malone* and *Mr. J. L. Steinmetz*, for the appel-
lant.

Counsel cited: 1 Pars. on Cont., 391; Smith v. Milligan,
43 Pa. 107; Keys v. Johnson, 68 Pa. 42.

*Mr. H. M. North* (with him *Mr. T. J. Davis*), for the appel-
lees.

Counsel cited: Inslee v. Jones, Bright. 76; Reed v. Tomlin-
son, 14 Leg. Int. 116.

PER CURIAM:

There are three short extracts from the charge of the court
assigned as error. Whether we consider the charge as a whole,
or the isolated and brief sentences referred to in the assign-
ments, it is free from error. The proposition that the plaintiff
is entitled to recover commissions as a broker from a man
who never employed him, nor authorized him to sell the to-
bacco, cannot be sustained either upon reason or authority.
It certainly is not supported by Smith v. Milligan, 43 Pa. 107,
or Keys v. Johnson, 68 Pa. 42. In neither case is there any
indication of the right of a broker to recover without a pre-

Statement of Facts.

vious employment, while Reed v. Tomlinson, 14 Leg. Int. 116, and Inslee v. Jones, Bright. 76, are the other way. The case is too plain for argument.

Judgment affirmed.

