## Johnson, Appellant, v. Seidel.

*Contract—Sale of real estate—Commissions.*

In an action to recover commissions for the sale of real estate, there can be no recovery where the plaintiff was not the immediate and efficient cause of effecting the sale or of bringing the purchaser and owner of the property together.

That the plaintiff brought about a contract of sale which was afterwards repudiated by the prospective purchaser who notified another party who purchased, will not support such action where it does not appear that the actual purchaser assumed the previous contract.

Argued May 23, 1892. Appeal, No. 2, Jan. T., 1892, by plaintiff, from judgment of C. P. Northumberland Co., Sept. T., 1889, No. 368, on verdict for defendant. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Assumpsit for services in procuring purchaser of real estate.

The facts as they appeared on the trial before ROCKEFELLER, P. J., are sufficiently stated in the opinion.

*A. D. Hower*, for appellant; *W. H. Hackenberg*, for appellee.

PER CURIAM, July 13, 1892.

We fail to find error, either in the rejection of evidence, or the charge of the court. The eleventh specification alleges that the court below erred in giving the jury a binding instruction to find a verdict in favor of the defendant. This would have been error had there been anything to submit, but the learned judge was of the opinion that there was not sufficient

evidence that the plaintiff had procured a purchaser for the defendant's property. John T. Ritter, the purchaser, testified that he never knew Mr. Johnson, the plaintiff, in the transaction, and that he was not in any way influenced by him in becoming the purchaser of the property ; nor was there any evidence that the plaintiff was the immediate and efficient cause of effecting the sale, or of bringing the purchaser and the owner of the property together. It is true, the plaintiff did bring Peter Ritter to the defendant as a person who was to purchase the property from her, but Peter Ritter did not buy. He declined to take the property, and subsequently informed John T. Ritter that he had so declined, but that he thought it was worth the money, and advised him to become the purchaser. The court below distinctly instructed the jury that if John T. Ritter was simply to step in the shoes of Peter Ritter to take the property off his hands, and comply with the previous contract, made between the defendant and Peter Ritter, the plaintiff would have been entitled to recover the amount of the commission agreed upon. But as there was no evidence of any such arrangement, it was not error to give a binding instruction. We need not refer in detail to the numerous specifications. None of them is sustained.

Judgment affirmed.

[See, also, the preceding case.]