# Griffith *v.* Cowan, Appellant.

*Principal and agent—Real estate brokers—Commissions—Employment—Evidence.*

1. In an action by a real estate broker to collect his commissions, the plaintiff is entitled to have his case go to the jury, where, although it appears that he did not introduce the purchaser to the owner, there is evidence that, at an interview between the owner and the wife of the purchaser, which the broker had brought about, and at which all three were present, the wife was acting for her husband as well as herself, and that after the owner had stated to her the prices for which he would sell two properties singly or together, the wife had said that she would consult her husband, and let the parties know.

2. In such an action the broker cannot recover where he had never communicated directly with the purchaser, or had in any way contributed to bringing the purchaser and owner together, although a person introduced by the broker to the owner may have told the purchaser independently of the broker that the property was for sale.

626    GRIFFITH *v.* COWAN, Appellant.

Statement of Facts—Opinion of the Court.    [57 Pa. Superior Ct.

Argued April 21, 1914.    Appeal, No. 74, April T., 1914, by defendant, from judgment of C. P. Westmoreland Co., May T., 1913, No. 732, on verdict for plaintiff in case of Edgar C. Griffith v. Richard Cowan.    Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Reversed.

Assumpsit to recover commissions for sale of real estate.    Before COPELAND, P. J.

At the trial it appeared that Edgar C. Griffith, a real estate broker, claimed to recover from Richard Cowan, the defendant, commissions for selling three properties on Madison street in the borough of Greensburg.    The properties were actually sold by Cowan to Annie Maczko, Mihil Maczko and George Vargo, each taking one of them.    The aggregate price, however, was $5,000.

Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $150.    Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*John E. Kunkle*, with him *J. Harry Pershing* and *Christ C. Walthour*, for appellant, cited: Johnson v. Seidel, 150 Pa. 396; Hartley v. Anderson, 150 Pa. 391; Earp v. Cummins, 54 Pa. 394; Keys v. Johnson, 68 Pa. 42; Barrow v. Newton, 48 Pa. Superior Ct. 382.

*E. P. Doran*, with him *Vin E. Williams*, *W. F. Wegley* and *E. M. Kennedy*, for appellee, cited: Irvin v. Kutruff, 152 Pa. 609; Com. v. Swayne, 1 Pa. Superior Ct. 547; Mapes v. Pittsburg, etc., Packing Company, 31 Pa. Superior Ct. 453.

OPINION BY RICE, P. J., July 15, 1914:

The plaintiff, who was a licensed real estate broker,

sued for, and on the trial recovered, commissions on
the aggregate sum for which the defendant sold three
contiguous properties—one to Mihil Maczko, one to
Annie Maczko, his wife, and one to George Vargo.
There was a conflict of evidence as to whether the
plaintiff was employed at all to procure a purchaser or
purchasers for these particular properties, but that
question was submitted to the jury under instructions
of which the defendant cannot justly complain, and
their verdict, which was amply supported by testimony,
must be taken as establishing the fact that he was so
employed.

The difficult question on this appeal is as to his right
to recover commissions on the sales to Mihil Maczko,
and George Vargo. Allusion is made in the appellee's
paper-book, and in the opinion of the learned trial judge
overruling the motion for a new trial, to an agreement
or understanding of counsel, before the argument of
the case to the jury, as to what should be the question
to be submitted to them. But as there is a difference
of recollection as to that matter, we must take the rec-
ord as we find it. The question, whether under the
evidence the plaintiff could recover commissions on
the sales to Mihil Maczko and George Vargo, was
distinctly raised as a separate proposition by the de-
fendant's sixth point, and is brought before us by the
second assignment of error, in which the answer to
the point is quoted, and by other assignments, particu-
larly the ninth, in which instructions to the same effect
are set forth. Therefore the question must be met.

It is true, the plaintiff did not know Mihil Maczko,
did not introduce him to the defendant, and had no
communication whatever with him. But there was evi-
dence from which the jury could legitimately find that,
in the first negotiations between the defendant and
Annie Maczko, which the plaintiff brought about and
at which all three were present, she was acting for her
husband as well as herself, and that, after the defend-

ant had stated to her the prices for which he would sell the properties, singly and together, she said she would consult her husband and let the parties know. In view of this testimony, it was manifestly proper to submit to the jury the question, whether the plaintiff's agency in bringing about the negotiations between the defendant and Annie Maczko, which later culminated in the sales to her and to her husband, was the immediate and efficient cause of those sales.

With regard to the sale to Vargo the case is different. There is no evidence that the plaintiff ever communicated with him directly or indirectly, or that Annie Maczko was acting for him in any of the preliminary negotiations or had any authority to act for him. If, as the result of the plaintiff's efforts, a contract had been made between the defendant and Annie Maczko for the sale of the three properties to her, and Vargo had stepped in her place to take one of the properties off her hands and to comply with her contract regarding it, it might be, as was intimated in Johnson v. Seidel, 150 Pa. 396, that the plaintiff would be entitled to commissions on that sale. But no such case is presented by any of the testimony. Possibly the evidence would sustain an inference that Vargo would not have bought if Annie Maczko had not told him the properties were for sale; but, as there is no evidence that she conveyed this information at the request of the plaintiff, or with his knowledge and assent, the connection between the plaintiff's agency and the sale to Vargo is too remote and speculative to sustain a finding that his efforts were the immediate and efficient cause of that sale. As was said upon this subject in Earp v. Cummins, 54 Pa. 394, "the law regards only proximate and not remote causes."

Without further elaboration, and without discussing the several assignments in detail, our conclusions are, that the defendant was not entitled to binding direction, that the plaintiff could not recover anything or

that he could not recover commissions on the sale to Mihil Maczko, but that there was no sufficient and competent testimony to warrant recovery of commissions on the sale to Vargo. In so far as the instructions properly assigned for error are not in accord with the foregoing conclusions the assignments are sustained. In other respects the case was well tried and the defendant has no ground of complaint.

The judgment is reversed and a venire facias de novo is awarded.