# United Motor Finance Company *v.* Quaker City Cab Company, Appellant.

*Negligence—Automobiles—Collision—Negligence of the bailee—Imputation.*

In an action of trespass to recover for damages to an automobile, a judgment in favor of the plaintiff will be sustained, where the evidence was sufficient to establish that the defendant's driver was clearly guilty of negligence.

The negligence of a bailee of an automobile is not imputable to the owner thereof who is not present.

Argued October 4, 1923. Appeal, No. 79, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1922, No. 1057, in favor of plaintiff in a case tried by the court without a jury in the suit of

272, (1923).] Statement of Facts—Opinion of the Court.
United Motor Finance Company v. Quaker City Cab Co.
Before ORLADY, P. J., PORTER, HENDERSON, TREXLER,
KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before GORMAN, J., without a jury.

The court found in favor of the plaintiff for $505.90 and entered judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Charles F. DaCosta,* and with him *Ward C. Henry,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY KELLER, J., December 10, 1923:

Johnson, driving a Ford coupe, was run into by one of defendant's taxicabs driven by its employee on its business. Defendant's driver was clearly guilty of negligence. It seeks to escape liability for the damage done the Ford coupe, by alleging that Johnson was guilty of contributory negligence. The judge, who tried the case without a jury, did not so find. What he said on this point was: "It may be that the driver of the plaintiff's car could have exercised more care and prudence." He was not bound to use the greatest care possible, but only such care as a reasonably prudent man in the circumstances ought to have exercised, and we cannot say he did not do this.

But liability was denied, in any event, because Johnson was only a bailee for hire of the plaintiff's car, and was not an employee of the plaintiff nor engaged in its business at the time of the accident. The evidence supports this finding. The agreement between the parties was a bailment and not a conditional sale, under all the

authorities. It has none of the elements of a conditional sale.

In such circumstances the negligence of the bailee will not be imputed to the owner of the car: McColligan v. Penna. R. R. Co., 214 Pa. 229; Gibson v. Bessemer & L. E. R. R., 226 Pa. 198; Eline v. W. Maryland Ry. Co., 262 Pa. 33; Connor v. Penna. R. R. Co., 24 Pa. Superior Ct. 241.

Judgment affirmed.