# William MacDonald v. James E. Smith, Appellant.

*Brokers—Real estate brokers—Commissions—Evidence—Issue of fact—Case for jury.*

In an action of assumpsit by a real estate broker, to recover commissions earned in the sale of real estate, the case is for the jury, and a verdict for the plaintiff will be sustained, where the issue is one of fact as to whether the services of the plaintiff were the direct, immediate and efficient cause of the sale.

Argued October 23, 1925.  Appeal No. 231 October T., 1925, by defendant, from judgment of Municipal Court of Philadelphia, February T., 1924, No. 341, in the case of William MacDonald v. James E. Smith. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit to recover commission on the sale of real estate.  Before KNOWLES, J.

The facts are stated in the following opinion of the Court below:

On February 11, 1924, the plaintiff, William MacDonald, commenced a suit in assumpsit against James E. Smith, the defendant.  The statement of claim filed alleged that the plaintiff is a licensed real estate broker, who was engaged by the defendant to sell his property at 828-30 N. Hancock Street, in the City of Philadelphia, the defendant agreeing to pay therefor a commission of five per cent; that the plaintiff procured a purchaser to whom the property was sold, but the commission was not paid to him.

The affidavit of defense filed admits that the plaintiff had been engaged as a broker to sell the property, but sets forth as a defense that the property was not sold by the plaintiff.

The case came up for trial before Judge KNOWLES, and a jury, on April 22, 1925.  On behalf of the

plaintiff the admitted pleadings were offered in evidence, and the plaintiff was called on the stand, who testified that he had introduced the purchaser of the property, the Hemingway Company, to the defendant; that he conducted negotiations with the Hemingway Company on behalf of the defendant, and in accordance with the instructions of the defendant, had offered to sell the property to the Hemingway Company for $30,000. The plaintiff admitted that the sale was not finally concluded by him, but made directly by the defendant for $28,500.

The defendant was called for cross-examination and admitted that the sale was made to the Hemingway Company for $28,500.

The testimony on behalf of the defendant was to the effect that the plaintiff did not make the sale to the buyer, but an officer of the Hemingway Company admitted that the plaintiff had been negotiating with them for the sale of the property, and explained on cross-examination that when he said that the sale was not made by the plaintiff, he meant that the sale was not finally concluded by the plaintiff.

The trial judge left to the jury the question whether or not the sale had been made through the efforts of the plaintiff or whether or not he was the direct and efficient cause of the sale. The jury returned a verdict for $1539, being the interest and commission on the sale price.

There is not an exception on the record. A reading of the record discloses that not only is there absence of any error of law, but that the case was conducted in a fair and impartial manner, and a just verdict awarded by the jury.

The plaintiff admitted that he did not draw up the agreement of sale, but testified that the sale was made through his services and the jury has so found.

We find no error on the record. No exception was taken by counsel for the defendant at the trial.

The verdict of the jury was justified by the evidence, and the motion for a new trial is therefore dismissed.

Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the Court, and refusal to grant a new trial.

*L. W. Baxter,* and with him *Evan B. Lewis,* for appellant.

*Nochem S. Winnet,* and with him *John J. McDevitt, Jr.,* for appellee.

PER CURIAM, November 2, 1925:

This is an action by a real estate broker to recover commissions upon a sale of real estate for the defendant, alleged to have been effected by the plaintiff. The question at issue, under the pleadings, was whether the services of the plaintiff were the effective cause of the sale. The testimony was conflicting. The judge submitted the question of fact to the jury with the instruction, in substance, that in order to entitle the plaintiff to recover he must show that his services were "the direct, immediate and efficient cause of this sale." The defendant took no exception to the charge, nor is any one of the assignments of error based upon an exception taken in the court below. We have, however, examined the brief of the appellant and the record, as printed, and find in such record no fundamental error which would warrant us in reversing the judgment in the absence of a well founded assignment of error. The assignments of error are all dismissed.

The judgment is affirmed.