## Nassar, Appellant, v. Pgh. Rys. Co.

Argued May 3, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Samuel G. Wagner* of *Wagner & Wagner,* and with him *Ernest G. Nassar,* for appellant.

*Walter M. Lindsay,* and with him *J. R. McNary,* for appellee.

Opinion by Keller, J., July 14, 1932:
This is an action in trespass for property damage

to an automobile, tried by a judge without a jury. There was evidence sufficient to establish the negligence of the driver of the automobile, but as the plaintiff had lent the car to him, and the driver was using it on his own business, the negligence of the driver will not be imputed to the plaintiff: General Motors Acceptance Corp. v. B. & O. Railroad Co., 97 Pa. Superior Ct. 93; United Motors Finance Co. v. Quaker City Cab Co., 82 Pa. Superior Ct. 272; Gibson v. B. & L. E. Railroad, 226 Pa. 198.

The only remaining question in the case was the negligence of the defendant's motorman. There was evidence from which the trier of fact might find that the driver of plaintiff's automobile, which was traveling eastward in the same direction with the trolley car, passed it on the left and then drove on to the trolley track and suddenly stopped, straddling the track, when about four feet ahead of the moving trolley car, in order to let an automobile going west pass him before he turned left into an alley, resulting in the collision. If the judge believed this, and he evidently did, he was justified in finding that the defendant was not guilty of negligence.

The motorman did not testify, as argued by appellant, that he could have stopped his car, running at about fifteen miles an hour, in ten inches. He said his car was stopped in about ten inches distance after he hit plaintiff's automobile. A judge, acting as a trier of fact, is entitled, no less than a jury, to use his common sense in determining questions of fact; and must know that a trolley car or an automobile traveling at the rate of fifteen miles an hour cannot be stopped by its brakes within ten inches, or even four feet. It was the combination of brakes and the weight of the standing automobile which brought the trolley car to a stop within ten inches after the collision.

A vehicle traveling fifteen miles an hour will cover twenty-two feet in a second of time; and a motorman

will not be held guilty of negligence as matter of law because he fails to stop his car within one-fifth of a second after an automobile suddenly swerves in front of it and stops.

The question of fact was for the judge and his finding will have the force and effect of the verdict of a jury when there is evidence to support it, and will not be disturbed by us, except for clear error, which is not here present.

The assignments of error are overruled and the judgment is affirmed.