L. M. Hagedorn & Company *v.* Godwin & Strauss, Inc., Appellant.

Argued October 3, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Arthur S. Minster,* for appellant.

548

Raymond A. White, Jr., for appellee.

OPINION BY BALDRIGE, J., December 11, 1940:

This action of assumpsit was brought by one real estate brokerage company against another for commissions on the sale of property. The case was tried in the Municipal Court of Philadelphia County before BONNIWELL, J., without a jury, who found for the plaintiff in the full amount of claim, $425, with interest, and entered judgment on the finding.

The evidence shows that defendant had the exclusive agency for the sale of a property located on the southwest corner of Seventh Street and Chelten Avenue in Philadelphia. A request by Mr. Enz, one of plaintiff's employes, that a prospective purchaser and he be permitted to inspect the premises, was granted by defendant. The prospective purchaser, Mrs. Bogaev, made a verbal offer of $15,000 for the property to Mr. Enz, but he did not submit it to the defendant as it had given him a price of $18,500 as the low figure for which the property could be purchased.

A month later the property was sold by defendant to Dr. Bogaev, husband of Mrs. Bogaev, for $17,000. Upon learning of the sale, plaintiff went to defendant's office and requested payment of one-half of the $850 commission. Enz testified that although the name of Mrs. Bogaev was not disclosed to the defendant as a prospective purchaser prior to the sale, it admitted knowing Mrs. Bogaev had been shown through this property first by plaintiff's agent. Defendant's authorized representative refused to pay plaintiff any commission on the ground that the plaintiff had never informed him of the prospect's name and furthermore he felt the sale had been made by his company as a result of its advertisements.

The ninth paragraph of the statement of claim set forth the following as a basis for recovery: "9. Under the rules and customs of the Philadelphia Real Estate

Board, where a registered real estate broker brings a prospective, interested purchaser to another broker and the said purchaser purchases the premises and the broker receives a commission, it is customary for the real estate broker who introduces the prospective purchaser who ultimately purchases the property to receive one-half of the commission, which in this case would be $425."

At the trial the plaintiff attempted to show through Mr. Meinken, a duly licensed real estate broker, of a custom existing among real estate brokers respecting the division of commissions. The court sustained an objection to this evidence but later it permitted the witness to testify that the rule relating to commissions, where a real estate broker procures a client who is taken to another broker and the sale is consummated, is that the commissions are divided. The witness testified further: "Q. Whose rules and regulations are they? A. Philadelphia Real Estate Board." There was no evidence, however, that either plaintiff or defendant, or the witness who testified as to the rules, were members of the Philadelphia Real Estate Board or any other association of real estate brokers whose rules would control or affect the question before us.

The right of the plaintiff to commission is a matter of contract, either express or implied. A mere volunteer who brings the parties together is not entitled to commission: *Lanard & Axilbund v. Thompson P. Co.*, 84 Pa. Superior Ct. 199. The plaintiff was required to show some sort of a contractual relation with defendant as a basis for legal liability. See *Bennett v. Crew Levick Co.*, 288 Pa. 180, 183, 135 A. 735; *Clark v. Provident Trust Co., Trustee, et al.*, 329 Pa. 421, 425, 198 A. 36; *Uram & Ernst v. Dessner*, 92 Pa. Superior Ct. 401. It apparently attempted to show a contract arising by implication upon the facts presented, but its proof in this respect was wholly deficient. The rules and regulations of the Philadelphia Real Estate Board, as testified

to by plaintiff's witness, Meinken, did not help plaintiff, assuming they were properly proven.

In so far as plaintiff relied upon custom or usage, it failed to make out a case. "Usage cannot create a contract where none has been made by the parties nor implied by law." 17 Corpus Juris, p. 501, §64; *Tilley v. County of Cook,* 103 U. S. 155, 162, 26 L. Ed. 374; *Savings Bank v. Ward,* 100 U. S. 195, 206, 25 L. Ed. 621.

Reduced to its essentials, plaintiff's claim is that it is entitled to half the commissions paid defendant, because it originally showed a prospect the property without disclosing her name to defendant or transmitting any offers to purchase. Certainly no express contract was shown, and in our judgment no contract by implication of law arises on the facts before us.

The finding of the court below cannot be sustained on the evidence produced.

The judgment is reversed and entered for defendant.