Robinson Electrical Co., Inc., Appellant, *v.* Capitol Trucking Corporation.

Argued October 2, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Samuel J. Gottesfeld,* for appellant.

*Aaron Trasoff,* with him *Alma H. Arnold,* for appellee.

OPINION BY RHODES, P. J., March 12, 1951:

Plaintiff has appealed from the refusal by the court below to grant its motion for new trial.

The motion for a new trial was to the effect that the finding of the trial judge, sitting without a jury, was against the weight of the evidence. The trial judge had made a finding for defendant, and the court in banc, in dismissing plaintiff's motion, said, in an opinion written by the trial judge, that the goods received by defendant were delivered by it to the plaintiff consignee in the amount and in the condition in which they were received from the consignor. Judgment was entered on the finding for defendant.

The action was in trespass against defendant, a common carrier by motor vehicle, for alleged loss of

and damage to cargo in transit on October 25, 1946. Plaintiff had purchased from the Loft Candy Corporation, Long Island City, New York, some used machinery, including electric motors, for which it paid before shipment the sum of $915. Plaintiff claimed that, in transporting the machinery from New York to Philadelphia, defendant failed to deliver two motors of the value of $600, that some of the machinery was damaged to the extent of $125, and that there was a freight overcharge in the amount of $62.16.

The case was tried before a judge of the Municipal Court of Philadelphia County, without a jury, under the provisions of section 12 of the Act of July 12, 1913, P. L. 711, as amended, 17 PS §695.

Plaintiff asserts that the presumptive validity of the bill of lading reciting 23 motors, 5 exhaust fans, and 1 lathe was not overcome by any evidence in the record.

There was a clear conflict arising from the evidence admitted without objection. Plaintiff's witness testified that only 21 motors were delivered, that some of the machinery was damaged, and that the total weight of the shipment received was 2,600 pounds.

Defendant's evidence showed that the machinery was shipped as "junk"; that the truck after loading was sealed until delivery was made to plaintiff in Philadelphia; that nothing had happened to the shipment in transit; that 5 boxes of parts were included in the shipment but not noted on the bill of lading; that the bill of lading was prepared by consignor without definite knowledge as to the exact amount of goods shipped; and that the weight of the shipment was 8,205 pounds.

Plaintiff admitted the receipt of one box not listed on the bill of lading. Upon delivery the shipment was so intermingled with other machinery in plaintiff's

warehouse that it could not be identified. Inconsistencies appeared in plaintiff's records including the fact that only 20 motors had been purchased from the consignor.

The liability of a common carrier for goods entrusted to it for transportation does not arise from contract, but is cast upon the carrier by the law. *Quaker Worsted Mills Corp. v. Howard Trucking Corp.,* 131 Pa. Superior Ct. 1, 7, 198 A. 691. An action either ex delicto or ex contractu will lie for breach of the carrier's duty. *Menner v. Delaware & Hudson Canal Co.,* 7 Pa. Superior Ct. 135, 139. The bill of lading in so far as it is a receipt is prima facie evidence of the facts stated therein (*Beresin v. Pennsylvania Railroad Co.,* 116 Pa. Superior Ct. 291, 176 A. 774) ; but such receipt is not conclusive and is open to explanation (*Haze v. Home Friendly Insurance Co.,* 130 Pa. Superior Ct. 366, 371, 197 A. 632; *R. J. Reynolds Tobacco Co. v. Boston & Maine R. R.,* 298 Mass. 152, 10 N. E. 2d 59, 113 A. L. R. 1455). The true facts may be shown and they may outweigh the recital in the bill of lading. *Strohmeyer & Arpe Co. v. American Line S. S. Corp.,* 97 F. 2d 360; *The Lady Franklin,* 8 Wall. 325, 19 L. Ed. 455; 9 Am. Jur., Carriers, §§417, 421, 425; 13 C. J. S., Carriers, §121. It was shown that the statements in the bill of lading did not conform with the goods received and delivered by defendant. There was also evidence of safe carriage and the improbability of loss or damage in transit. The bill of lading did not recite any boxes as a part of the shipment, and admittedly at least one box of parts was delivered to plaintiff, while defendant testified that five such boxes were in the shipment received and delivered. Consignor's employe who prepared the bill of lading did not know the exact number of motors shipped or the full extent of the shipment. Defendant's truck driver re-

ceipted for the cargo without inspection or opportunity to check it. At least it appears that the bill of lading was prepared and accepted under circumstances which disclosed a mistake as to the description of the shipment.

Negotiation of the bill of lading, which was a straight bill, is not involved. Plaintiff was dealing on the basis of the goods rather than on the basis of the bill. It was not harmed by any mistaken description contained in the bill of lading. See Federal Bills of Lading Act, 39 Stat. 542 (1916), 49 U. S. C. §102 (1946).

The credibility of the witnesses and the weight to be accorded their testimony were for the trial judge as the finder of the facts. *Aaron v. Strausser,* 360 Pa. 82, 85, 59 A. 2d 910. The general finding of the trial judge for the defendant has the force and effect of a jury's verdict, and was amply supported by the evidence. *Horsfield v. Metropolitan Life Insurance Co.,* 124 Pa. Superior Ct. 458, 462, 189 A. 892; *Deacon v. Hendricks,* 66 Pa. Superior Ct. 36; *Emerson C. Custis & Co. v. Tradesmans National Bank & Trust Co.,* 155 Pa. Superior Ct. 282, 284, 38 A. 2d 409.

The granting of a new trial on the ground that the verdict, or a finding of a trial judge, sitting without a jury, having the force and effect of a verdict, was against the weight of the evidence is peculiarly for the court below, and, where it has refused to grant one for that reason, an appellate court will not do so unless there has been an abuse of discretion. *Jones v. Manhattan Life Insurance Co.,* 134 Pa. Superior Ct. 437, 446, 4 A. 2d 220; *Baugh v. McCallum,* 140 Pa. Superior Ct. 276, 282, 14 A. 2d 364; *Yago v. Pipicelli,* 343 Pa. 222, 22 A. 2d 699; *Aaron v. Strausser,* supra, 360 Pa. 82, 88, 59 A. 2d 910. We find no abuse of discretion, and a review of the record discloses no basic or funda-

mental error committed in the course of the trial. See *Robinson v. Korber,* 357 Pa. 7, 52 A. 2d 899.

Judgment is affirmed.