## Rosine *v.* Gerlach, Appellant.

241

Argued April 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*John J. Gerlach, Jr.,* appellant, in propria persona.

*Gilbert E. Morcroft,* for appellee.

PER CURIAM, July 14, 1953:
This assumpsit action was tried before a judge of the County Court of Allegheny County without a jury. Act of May 5, 1911, P. L. 198, §8, as amended by the Act of July 19, 1951, P. L. 1066, §3, 17 PS §635.

The action was based upon defendant's oral contract with plaintiff for work to be performed including the painting of defendant's automobile. Defendant upon completion of the work made and delivered his check to plaintiff and received his automobile. Defendant then stopped payment on the check. The trial judge found for plaintiff. No requests for findings of law or fact were made. Judgment was entered for plaintiff on the finding.

Defendant's appeal is from the refusal of his motion for a new trial and the entry of judgment. The motion for new trial does not relate to any matters of record, and merely complains of defendant's own trial counsel.

Plaintiff and defendant testified on the issue whether plaintiff had painted defendant's automobile the exact shade ordered by defendant. There was a conflict in the testimony on this question of fact which was the only matter raised before the trial judge.

The credibility of the witnesses and the weight to be accorded their testimony were for the trial judge as the finder of the facts. *Glen Alden Coal Company v. Commissioners of Schuylkill County*, 345 Pa. 159, 169, 27 A. 2d 239. The general finding for plaintiff has the force and effect of a jury's verdict; and, after an examination of the record, we are convinced that the finding was amply supported by the evidence, that there was no abuse of discretion in the refusal of the motion for a new trial, and that there was no basic or fundamental error committed by the trial judge. *Robinson Electrical Co., Inc., v. Capitol Trucking Corporation*, 168 Pa. Superior Ct. 430, 434, 79 A. 2d 123.

Judgment is affirmed.