## Beato *v.* DiPilato, Appellant.

Argued March 25, 1954. Before Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Rames J. Bucci,* with him *Bucci & Bucci,* for appellants.

*Albert H. Frankel,* with him *Frankel & Rosen,* for appellees.

OPINION BY ERVIN, J., July 13, 1954:

This is an appeal from the refusal of the court below to grant defendants' motions for a new trial and judgment non obstante veredicto, and entering judgment for the plaintiffs in an action by plaintiffs for return of deposit money paid on account of the purchase of certain real estate in Philadelphia, Pennsylvania.

On February 27, 1951 plaintiffs agreed to purchase from the defendants premises situate at 1944 Dudley Street, Philadelphia, Pennsylvania. The agreement of sale was executed in behalf of the sellers by Rames J. Bucci, also named as a defendant in this action, who is an attorney and who prepared the agreement of sale. The agreement was approved by the defendants on February 27, 1951. The total purchase price was $4,500.00 and the plaintiffs paid a deposit of $200.00 at the time the agreement was signed. Settlement was to be made on or before June 1, 1951. The agreement contained the following provision: "This agreement is subject to the approval of a G. I. mortgage and if not approved then this agreement is to be null and void and the deposit returned to purchaser." Plaintiffs were unable to obtain a G. I. mortgage. On March 28, 1951 they notified defendants' agent that their mortgage application had been denied and requested a refund of their deposit money. Instead of refunding the deposit money the agent advised plaintiffs to make other efforts to place a mortgage before the settlement date. Subsequent efforts by plaintiffs to obtain a conventional mortgage in an amount sufficient to enable them to complete the purchase of the property were also unsuccessful. Plaintiffs made further demands for return of the deposit money but were told the money would be returned either when the premises were sold to another buyer or after June 1, 1951, the settlement

date, whichever occurred first. The premises were not sold and when further demands for the return of the deposit were unsuccessful, plaintiffs instituted an action in assumpsit against the defendants and their agent. After trial before a judge without a jury the court found in favor of the appellees and against the appellants in the sum of $218.47. Defendants moved for a new trial and for judgment non obstante veredicto. These motions were denied and judgment was entered upon the finding of the trial judge.

A finding for a party by a trial judge sitting without a jury has the force and effect of a jury's verdict. *Rosine v. Gerlach,* 173 Pa. Superior Ct. 240, 242, 98 A. 2d 436, allocatur refused 173 Pa. Superior Ct. XXV. Furthermore, when a trial court enters a judgment for one of the parties, on a disputed question of fact involving the veracity of witnesses, the appellate court must assume the truth of that party's evidence and every inference fairly deducible therefrom. *Woldow v. Dever,* 374 Pa. 370, 373, 97 A. 2d 777; *Vogt v. Brady,* 108 Pa. Superior Ct. 144, 146, 164 A. 96; See *Sipowicz v. Olivieri,* 174 Pa. Superior Ct. 549, 551, 102 A. 2d 175. It therefore becomes pertinent in the instant case to consider the testimony bearing on the affirmative defense asserted by the defendants that plaintiffs waived the G. I. mortgage provision. Being an affirmative defense, the burden of proof was on the defendants but the record fully discloses their failure to maintain it.

Defendants based their contention that plaintiffs waived the provision in the agreement of sale relating to the G. I. mortgage on the grounds that (1) subsequent to the rejection of their application for a G. I. mortgage the plaintiffs made efforts to obtain a conventional mortgage and (2) the failure of plaintiffs to return the agreement for cancellation. There is

nothing in the testimony to indicate that the plaintiffs at any time agreed to an alteration of the specific terms of the agreement which guaranteed to them the return of their deposit money if they were not able to obtain the necessary financing. After the rejection of their application for a G. I. mortgage the plaintiffs did try to make other financing arrangements. But this was done after demand had been made by plaintiffs for the return of the deposit and at the urging of the agent for defendants. The plaintiff, David Beato, testified that the negotiations were conducted with the defendant agent and that he told the said defendant that he "had about six or seven hundred dollars, and that was the only way I could buy the house with a G. I. mortgage. He told me he would try to get me a mortgage. I told him I'd like to try too if it is possible. He said 'Go right ahead.' *He assured me I would get my deposit back if he couldn't place a mortgage.*" (Emphasis added) Though it is apparent that plaintiffs agreed to try to obtain a conventional mortgage there is no basis for concluding that such agreement constituted a waiver of their right to a refund of the deposit under the terms of the agreement of sale. That the agent for defendants did not so interpret it is manifest from his assurance that the deposit would be refunded if a suitable mortgage could not be obtained. There was further testimony to the effect that neither the plaintiff, David Beato, or Bucci, the agent, were able to obtain a mortgage in the amount required by plaintiffs in order to complete the settlement. Plaintiffs also testified that further efforts to obtain the refund were unsuccessful and they were told it would be necessary to wait for their refund until the house was sold to someone else or until after June 1, 1951, the settlement date. It was also testified that no arrangements for a settle-

ment were ever made with plaintiffs nor was a deed tendered to them.

In his testimony the agent for the defendants admitted the plaintiffs were entitled to a return of their deposit on or about March 28, 1951 when they produced a letter stating that the appraisal of the property for G. I. loan purposes was only $3,600.00 instead of $4,500.00, the purchase price. He also testified "He did not want the deposit back. He wanted to get another mortgage, a conventional mortgage." There was no testimony by defendants that plaintiffs agreed to waive the refund of the down money if they could not obtain the necessary mortgage or requested any change in the terms of the agreement.

In answer to the contention of defendants that the agreement of sale was never surrendered, the plaintiffs testified that on each occasion when they talked with defendants' agent they had the agreement of sale with them to surrender in exchange for the refund. Moreover, on direct examination, the agent testified that "The G I approval didn't go through, and the agreement was cancelled."

There is no real conflict in the testimony in this case. Both parties admit that the agreement was conditioned on obtaining G. I. financing, that the plaintiffs could not obtain same and so notified defendants, that the parties then sought other financing but were unsuccessful in obtaining the required amount. Furthermore, plaintiffs testified that they were assured they would receive the refund of their deposit if financing was not obtained and their testimony was not denied by any of the defendants. Moreover, the credibility of witnesses and the weight to be accorded their testimony is for the trial judge, sitting without a jury, as the finder of the facts. *Robinson Electrical Co., Inc. v. Capitol Trucking Corporation*, 168 Pa. Supe-

rior Ct. 430, 434, 79 A. 2d 123. We are convinced by an examination of the record that the finding of the trial judge was fully supported by the evidence.

Appellees presented a motion to dismiss the appeal by reason of appellants' failure to comply with Rule 45 of this Court relative to the service of briefs. Since we have passed upon the merits of the case the motion is denied.

Judgment affirmed.