Seligson, Appellant, v. Young.

Argued April 16, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert W. Semenow,* for appellant.

*Thomas Lewis Jones,* with him *Richard C. Witt,* for appellees.

OPINION BY WRIGHT, J., June 10, 1959:

Melvin M. Seligson, a licensed real estate broker, filed a complaint in assumpsit based on an alleged oral contract of employment with Walter Young and Theresa Young, his wife, seeking to recover a commission on the sale to Arthur Pitt and Grace Pitt, his wife, of premises situated at 4906 Young Drive, Baldwin Borough, Allegheny County. Defendants filed an answer averring that there was no contract of employment and that plaintiff had not secured the purchasers. The case was tried before Judge GUFFEY without a jury. After hearing the testimony, the trial judge found for the defendants. Plaintiff's motion for a new trial was subsequently refused by the court en banc and judgment entered for the defendants. This appeal followed.

Appellant's theory was that, although he had not been given a listing for the subject property, he had sold several other properties for appellees in the past, that Mr. Young had verbally authorized him to sell the subject property if he could procure a buyer, that he and one of his employes had discussed the subject property with Mr. and Mrs. Pitt, and that his employe had called Mr. Young about the price and the closing costs prior to the sale. The theory of appellees was that appellant had not been employed to sell the subject property, had not brought it to the attention of Mr. and Mrs. Pitt, admittedly had not shown it to them, and that the sale had been consummated as an independent transaction to which appellant and his employe in no way contributed. The testimony of Mr. and Mrs. Pitt supported appellees' theory.

It is settled law that a real estate broker is the agent of the seller. There must be an employment contract to constitute him an agent, and his services must be the efficient cause of the sale: *Earp v. Cummins,* 54 Pa. 394. The fact that appellant had previously sold other properties and had been paid commission therefor did not of itself warrant recovery in the instant case. See *Mayer v. Rhoads,* 135 Pa. 601, 20 A. 158. The right of a real estate broker to commission is a matter of contract, either express or implied: *Hagedorn & Co. v. Goodwin & Strauss,* 142 Pa. Superior Ct. 547, 16 A. 2d 649. See also *Pratt Appeal,* 158 Pa. Superior Ct. 189, 44 A. 2d 608; *Zellner v. Murdock,* 298 Pa. 208, 148 A. 109. If a broker does not in any way contribute to bringing the owner and purchaser together, he cannot recover a commission: *Griffith v. Cowan,* 57 Pa. Superior Ct. 625. In the absence of an exclusive agency, a broker can recover a commission only on the ground that he was the efficient cause of the sale: *Wilson v. Franklin,* 282 Pa. 189, 127 A. 609. This ordinarily presents a question of fact for the jury to determine: *MacDonald v. Smith,* 86 Pa. Superior Ct. 496; *Shapira v. Union Trust Co.,* 306 Pa. 35, 158 A. 564.

Appellant's principal contentions on this appeal are (1) that he was employed by appellees under an open general listing; and (2) that he was "the efficient and procuring cause of the sale by virtue of bringing the subject property to the attention of the buyers and revealing the identity of the buyers to the defendants". Our examination of the record reveals a definite conflict on these issues between the testimony of appellant and his employe on the one hand and the testimony of the husband appellee and the purchasers on the other hand. While Mr. and Mrs. Pitt had been dealing with appellant, they testified that the subject property was

never mentioned to them. Their first contact with appellees, after Mr. Pitt happened to see the property and observe Mr. Young's sign, was a telephone call by Mr. Pitt to Mr. Young. So far as any contact with appellees was concerned, appellant's employe did not enter the picture until the following morning when she attempted to arrange a meeting between the purchasers and appellees, only to ascertain that they had already made an independent appointment for that afternoon.

The dispute essentially resolves itself into a question of credibility of the witnesses, in which regard we are bound by the determination of the trial judge. The credibility of witnesses and the weight to be accorded to their testimony is for the trial judge, sitting without a jury, as the finder of the facts: *Beato v. DiPilato,* 175 Pa. Superior Ct. 602, 106 A. 2d 641; *Robinson Electrical Co. v. Capitol Trucking Corp.,* 168 Pa. Superior Ct. 430, 179 A. 2d 123. When a trial court finds for one of the parties on a disputed question of fact involving the veracity of witnesses, the appellate court must assume the truth of that party's evidence, and every inference fairly deducible therefrom: *Vogt v. Brady,* 108 Pa. Superior Ct. 144, 164 A. 96; *Beato v. DiPilato,* supra, 175 Pa. Superior Ct. 602, 106 A. 2d 641. A decision by a trial judge sitting without a jury has the force and effect of a jury's verdict: *Nassar v. Pgh. Rys. Co.,* 105 Pa. Superior Ct. 352, 161 A. 605; *Robinson Electrical Co. v. Capitol Trucking Corp.,* supra, 168 Pa. Superior Ct. 430, 179 A. 2d 123.

Appellant also raises two questions concerning rulings on the examination of witnesses. He first contends that the trial judge improperly sustained an objection to the following question addressed to appellant on direct examination: "When the Pitts were in your office that Friday night that you mentioned did

they mention whether or not they had seen this Young property?" This ruling was in no way prejudicial, since the record clearly discloses that the subject property was actually not seen by the purchasers until the next day. The second complaint is that the trial judge improperly sustained an objection to the following question directed to Mr. Pitt on cross-examination: "Then why did you call Mrs. Rosenfield to come to your house to explain why you did not buy the Young property through her and to let her down softly?" Counsel for appellees objected on the ground that the witness "never used that language". No attempt was made to rephrase the question. Since the language included an assumption not previously proved or testified to by the witness, the question was improperly phrased. See *Kirschman v. Pitt Publishing Co.*, 318 Pa. 570, 178 A. 828; *DiBona v. Philadelphia Transp. Co.*, 356 Pa. 204, 51 A. 2d 768.

In conclusion, we are all of the opinion that the decision of the trial judge in the case at bar was supported by the evidence, that there was no abuse of discretion in the refusal of appellant's motion for a new trial, and that there was no basic or fundamental error committed by the trial judge. Cf. *Rosine v. Gerlach*, 173 Pa. Superior Ct. 240, 98 A. 2d 436.

Judgment affirmed.