Edward FACUNDO

v.

The TEXAS COMPANY.

Civ. A. No. 25138.

United States District Court
E. D. Pennsylvania.

May 9, 1962.

Freedman, Landy & Lorry, by Morris M. Shuster, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, by Timothy J. Mahoney, Philadelphia, Pa., for defendant.

WOOD, District Judge.

In this case plaintiff contended that he injured tendons in his finger while performing his duties as a seaman aboard defendant's vessel, the S. S. Wisconsin. The jury did not believe plaintiff's account of how he injured his finger, and apparently accepted defendant's version that the injury occurred during a fight on shore. Accordingly, a verdict for the defendant resulted.

The plaintiff has set forth, in support of the present motion, five alleged errors on the part of the Trial Judge. After a thorough review of the record and of the arguments on the motion, we have concluded that none of the plaintiff's contentions merit the award of a new trial.

■ First, plaintiff contends that the Trial Judge erred in "prohibiting plaintiff from arguing to the jury the nature of required log entries under 46 U.S.C.A. Sec. 201 and the significance of defendant's failure to comply with this statute." (Plaintiff's Original Brief, Page 7.) The simple answer to this contention is that plaintiff's counsel failed to introduce into evidence during the trial either the statute or the ship's log. Plaintiff's counsel questioned a witness about the log book, and it was marked as an exhibit. The Trial Judge even stated to counsel:

"Well, offer it [the log book] and we will rule then. * * *" (NT 91.)

Although the log book was not offered into evidence, the plaintiff's witness did state that the master of the S. S. Wisconsin was required by law to keep a log (86, 87, 88) and that the log of the ship covering the voyage in question did not contain any notation as to whether plaintiff was injured. (NT 92.)

■ Subsequently, when plaintiff's counsel was making his closing speech to the jury, the Trial Judge sustained an objection of defendant's counsel to the reading of the statute (46 U.S.C.A.) which had not been introduced into evidence. However, in view of that evidence mentioned above with respect to the requirement that the master keep a log, the Trial Judge did allow plaintiff's counsel to argue as follows:

"You heard testimony that when a person is injured on board ship and he receives treatment on board ship that it is the obligation of the master to keep a medical log which notes what treatment he got and the circumstances of the accident. [sic]. The evidence is clear that such a log book was kept on this ship. Now why wasn't that log book produced into evidence to show you exactly what notations were made on the ship?" (NT 128.)

In light of the fact that plaintiff's counsel was permitted to so argue to the jury, we can see no prejudice to plaintiff's case by the fact that the jury did not hear the actual words of the statute, which plaintiff's counsel neither introduced into evidence nor called to the attention of the Trial Judge during the trial.

■ Plaintiff's second charge of error is related to the first; namely, that it was error to fail to charge the jury that

the defendant failed to comply with 46 U.S.C.A. § 201 and the significance of such failure. As noted above, the log book was not introduced into evidence: thus, there was no definite proof that the defendant had, in fact, failed to make the entries therein required by law. It is true that there was testimony that the log contained no notation of plaintiff's injury. This testimony was called to the jury's attention by plaintiff's attorney, and the jury was free to give this evidence whatever weight they thought it deserved. Neither the statute nor the log having been put into evidence, the Trial Judge thought the matter did not call for the point for charge requested by plaintiff.

 Third, the plaintiff contends that the Trial Judge erred in permitting defendant's counsel to tell the jury in his closing argument that plaintiff had produced no corroborating witnesses. This contention is based upon a ruling of the Trial Judge during the course of the trial that defendant's counsel should make no reference to the fact that plaintiff failed to produce as a witness a Mr. Webster. Webster was the winch operator on duty at the time plaintiff contends he hurt his finger in a block and tackle. Webster would have known the truth about the accident, since he was right on the scene. Plaintiff's counsel had tried to locate Webster without success. However, neither party had any knowledge of how Webster would have testified, even had he been found. Therefore, the Trial Judge ruled that defendant should make no reference to the fact that he was not produced as a witness. Defendant's counsel did not violate this ruling by stating that plaintiff had produced no corroborating witnesses.

Fourth, plaintiff contends that the Trial Judge erred in sustaining defendant's objection to evidence concerning the defendant's practices and requirements in making accident reports. But the witness who was asked the questions had not seen the report involved in the case and that report had not been introduced into evidence. Therefore, the question—"And wouldn't it be fair to say then that the accident report to be complete in this case should have contained the circumstances in connection with your observations of the fight in the Seaman's Club?"—unfairly implied that the accident report did not contain such observations.

Finally, the plaintiff argues that the Trial Judge erred in failing to instruct the jury of the significance of the defendant's failure to present the master's testimony. The Trial Judge was of the opinion, as he still is, that no instruction was required upon the defendant's failure to call the master as a witness. In this case, the evidence clearly showed that the master had no first hand knowledge of this accident. Thus, there are several possible reasons for the defendant's not having called the master as a witness, not just the reason that plaintiff sought to present to the jury as a point for charge.

For all of the above reasons, we think the motion for a new trial must be denied.