## Brown v. Metz

712

*Marc L. Marks,* for plaintiffs.

*George Hardy Rowley* and *Francis J. Fornelli,* for defendants.

ACKER, J., March 31, 1970.—The matters for determination are a motion for sanctions for failure to answer a written interrogatory by a party and an objection to an interrogatory. This action was commenced by a writ of summons in trespass on March 28, 1968. No complaint has been filed. Although the interrogatories concerned in this opinion are addressed to different parties with dissimilar problems, this opinion encompasses both matters.

In that the objection of Albert Metz, a defendant, is the easier of solution, it is first discussed. Six interrogatories were addressed to Albert Metz concerning his son, Robert Metz, who is also a defendant, concerning a shooting which, it is alleged, occurred on March 23, 1967. It is claimed in the interrogatories that Robert Metz shot plaintiff, Robert J. Brown. Interrogatory no. 5, to which objection has been made, is "As of March 23, 1967, did you know or have reason

to know that your son, Robert Metz, had any dangerous propensities toward injuring people with firearms?" Objection was made, "In this regard the question is much the same as the classic question, 'Have you stopped beating your wife?'" To this, plaintiff rejoins that, "If in fact there was nothing in the past to indicate any dangerous propensities on behalf of Robert Metz, the question would seem to be easily answered by an indication of the father that there were no dangerous propensities known, or, if there were, it could be answered in the affirmative." Defendant relies upon DiBona v. Philadelphia Transportation Company, 356 Pa. 204, 51 A. 2d 768 (1947),[1] where plaintiff's witness on crossexamination was asked, "I gather from what you say then that he was not looking at the bus?" The same question was asked by the trial judge, who then used the answer as a basis for a compulsory nonsuit. In fact, the witness had not so testified previously. In reversing the nonsuit, the court held, page 208:

"Setting verbal traps for a witness is not a legitimate branch of crossexamination. Wigmore on Evidence, 3rd ed. Vol. 3, section 780, page 135, says: 'A question which assumes a fact that may be in controversy . . . may become improper on crossexamination because it may by implication put into the mouth of an unwilling witness, a statement which he never intended to make, and thus incorrectly attribute to him testimony which is not his.'"

Wigmore quotes these questions as ruled improper in the English case of Harty's Trial, 24 How. St. Tr. 754, "Then you were never at any of those meetings, but in the character of a spy?" Followed by, "How

---

[1] Commonwealth v. Ross, 190 Pa. Superior Ct. 145, 152 A. 2d 778 (1959), states the rule that on crossexamination misleading questions may not be asked.

long have you been engaged in getting up the case for the Times?' "

Defendant also cites Kirschman v. Pitt Publishing Company, 318 Pa. 570, 573-76, 178 Atl. 828 (1935). In this action of trespass for malicious prosecution, the issue was whether agency was present. To establish this critical fact, the daughter of plaintiff was asked, "Did he (defendant's circulation manager) say it was the suit the Sun Telegraph had started?" The rule used to hold this inquiry as improper is, page 574, ". . . a counsel has no right, even in order to detect or catch a witness in a falsity, falsely to assume or pretend that the witness had previously sworn or stated differently to the fact, or that a matter had previously been proved when it had not."

In Seligson v. Young, 189 Pa. Superior Ct. 510, 151 A. 2d 792 (1959), an assumpsit action to recover a real estate commission the purchaser was asked, page 515, "Then why did you call Mrs. Rosenfeld to come to your house to explain why you did not buy the Young property through her and to let her down softly?" Objection properly sustained.

In Facundo v. The Texas Company, 30 F.R.D. 345 (1962), questions whether an accident report by a ship owner, who was sued for injuries which a seaman allegedly suffered, should have contained circumstances of witnesses' observations of the fight ashore involving the seaman were objectionable as unfairly implying that the report did not contain such observations where the witness had not seen the report and it had not been introduced.

However, the rules of the above cases are controlling only if the question assumes that the son, Robert Metz, did have dangerous propensities towards injuring people with firearms. Of course, it would have been much preferable to ask, Did your son have any dangerous propensities towards injuring people with

firearms? To be followed, if your answer is in the affirmative, answer whether you had or had any reason to know, that he did have such propensities. A defendant can, however, answer "no" to both of the questions incorporated into one as to whether he knew or secondly, had reason to know, of any dangerous propensities. By the answer "no" he does not admit that there were any dangerous propensities. Nor is it contended or assumed in the question that propensities had been established or even that they are assumed. To give a proper responsive answer to defendant's classic question, you must give a time or answer that I am still beating my wife. Therefore, the question does not allow, if literally answered, any answer except an assumption that you beat your wife at some time. The questions are not sufficiently similar to tolerate a comparison. Therefore, the objection is overruled.

The second matter is of more consequence. Interrogatories addressed to Vivian Jones and Barbara Jones ask, "Please state whether either of you or both of you were covered by liability insurance on March 23, 1967, that would protect you in case either or both of you were found to be responsible in any way for the injury to Robert J. Brown, Jr., when he was shot on March 23, 1967. If the answer is 'yes,' (a) Name the company. (b) Name the limits of the liability coverage."

Rather than file an objection, defendants', the Jones', answer states that they do have liability coverage with State Farm Mutual Automobile Insurance Company, but "this interrogatory is objected to until a complaint is filed," To this, plaintiffs have filed a motion for sanctions. The proper method of objecting to the interrogatory is to file a formal objection with the court. Pa. R. C. P. 4005(b) provides:

"Within ten (10) days after service of interrogatories a party *may* file and serve written objections thereto. Answers to interrogatories to which objections are made shall be deferred until the objections are decided." (Italics supplied.)

As 4 Goodrich-Amram, §4005(b)2, page 80, states, "It seems clear that, if the adversary fails to raise his objections to the content of the interrogatories preliminarily, he will have another opportunity to raise them through a refusal to answer offending questions. This would seem to be the limit of privilege. He must then risk a contempt order under rule 4019 if he is again ordered to answer." [2] Sanctions are imposed pursuant to Pa. R. C. P. 4019, which permits them in the case of written interrogatories under (1) if "a party wilfully fails to file answers or sufficient answers to a written interrogatories served under Rule 4005."

It is clear that there can be no sanction then, unless failure is wilful. How is it determined whether it is wilful? This is done by bringing both parties and the answers before the motion judge. At that time it is the duty of the parties who have failed to answer to explain their inaction. If the court feels that the reason

[2] In Missley v. Pennsylvania Railway Company, 435 Pa. 503, 259 A. 2d 451 (1970), a verdict was taken from a plaintiff who failed to answer interrogatories served upon her requesting the name and address of each physician consulted. It was held that the denial of the railroad's motion to compel the administratrix to answer was error as was overruling an objection of the defendant allowing a surprise medical witness for plaintiff to testify. There, referring to Pa. R. C. P. 4005(a), 4007(a) and 4011, the court states, at page 455: "This case amply demonstrates that the integrity of the discovery rules can be preserved only if the rules are taken more seriously than they were in the lower court. The rule requiring the party to object to an improper interrogatory within ten days was included in the Rule of Civil Procedure for a purpose. That purpose would be defeated if we were to accept the lower court's apparent conclusion that the plaintiff's failure to follow this rule was not crucial under the facts of this case."

is inadequate and wilful, sanctions may be imposed. Can this court in the present state of the thickening decisions[3] in this State on the issue of disclosure rule that the failure to answer this question was wilful? On January 30, 1969, this court, in Groce v. Hile, 46 D. & C. 2d 89 (1969), through Stranahan, P. J., ruled that in a trespass action interrogatories inquiring as to the existence and the amount of a defendant's insurance will be allowed, since they are relevant to the subject matter and will substantially aid in the preparation of the case. Rather than appeal this ruling, the attorneys have presented various factual situations to the court since, in an effort to delineate the limits of the rule. So, in Berek v. Smock, 46 D. & C. 2d 221 (1969), on March 4, 1969, this court ruled that it would not consider on a case-to-case basis whether potentially a verdict would go beyond the minimum insurance coverage required by law of $10,000 automobile insurance policies because of the uncertainty of verdicts in relation to the special damages or extent of injury claimed. Later, however, in McDonald v. Gross, 47 D. & C. 2d 68 (1969), by Stranahan, P. J., it was ruled that a person who is uninsured is not required to disclose his assets if there is no claim for wilful or wanton misconduct. Although the law is far from settled on this thorny matter, if a court cannot impose sanctions in such a case, its orders are mere scraps of paper to be followed at the whim of the reader. Such a conclusion is unacceptable.

The present interrogatory was not answered, according to the contention raised at argument by

[3] Waksman v. Walker, 44 D. & C. 2d 1 (Phila. County, Ullman, J., discovery permitted); Toogood v. Watkins, Jr., 46 D. & C. 2d 365 (Phila. County, Sporkin, J., discovery denied); Dashem v. Morehead, 46 D. & C. 2d 563 (Centre County, Campbell, P. J., discovery permitted); Broennie v. Stitt, 47 D. & C. 2d 644 (Armstrong County, Graff, P. J., discovery denied.)

counsel for Vivian and Barbara Jones, because it cannot be determined whether the question of the insurance is relevant until the complaint is filed. It might be alleged that the injury was accidental, which might be covered by liability insurance or intentional, which would not be.[4] It is contended by defendants that before they should be required to answer such an interrogatory, plaintiffs should be required to make a minimum commitment as to what their cause of action is by filing a complaint.

We believe that there is merit to the contention of defendants that they should in this action be apprised of the basis upon which liability is contended. Most automobile accidents arise from acts of negligence as opposed to wilful and wanton misconduct. That assumption may not be warranted when injuries are inflicted by gunshot. To require the insurance carrier to disclose its limits of liability when there is a reasonably good chance that there would be no coverage, does not serve the purposes for which discovery is permitted. The strength of this position is severely diluted, however, by defendant's answering "yes" to the principal question of whether there is such insurance that would protect them in case either or both of them were found responsible in any way for the injuries to plaintiff. The stated objection is only as to the amount of the coverage. The argument advanced, therefore, has been mooted by the answer voluntarily given.

It is the holding of the court that defendant must answer as to the amount of the coverage.

This is not to say defendants are regarded as in contempt; nor that sanctions be imposed. Rather, that they answer question 10B as to the amount of the coverage within 20 days of this order.

---

[4] Esmond v. Liscio, 209 Pa. Superior Ct. 200, 224 A. 2d 793 (1966).

## ORDER

And now, March 31, 1970, it is hereby ordered that the objection to the sixth interrogatory addressed to defendant, Robert Metz, is overruled and defendant, Robert Metz, shall make answer within 20 days thereof.

The motion for sanction of plaintiffs against defendants, Vivian Jones and Barbara Jones, is denied. Defendants, Vivian Jones and Barbara Jones, shall, however, make answer to interrogatory 10B within 20 days of this order.